# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4915 | **DATE** | 7/16/2002 |
| **CASE TITLE** | Darryl Hamilton vs. Lt. P. O'Meara, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this memorandum opinion and order, the Application is granted (3-1) subject to the limitations spelled out here, but the Complaint and this action are dismissed with prejudice, thus rendering the Motion moot. (4-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 17 2002 | 5 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 7/16/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARRYL HAMILTON,                )
                                )
                Plaintiff,      )
                                )
        v.                      )    No.  02 C 4915
                                )
LT. P. O'MEARA, et al.,         )
                                )
                Defendants.     )

MEMORANDUM OPINION AND ORDER

Darryl Hamilton ("Hamilton") has submitted a 42 U.S.C. §1983 ("Section 1983") Complaint against (1) several police personnel, (2) an Assistant State's Attorney and (3) his Assistant Public Defender Rosemary Costin ("Costin"), employing the form provided by this District Court's Clerk's Office for use by persons in custody. Hamilton has also coupled his Complaint with forms of an Application To Proceed Without Prepayment of Fees ("Application") and a Motion for Appointment of Counsel ("Motion"), again using Clerk's-Office-provided forms of each document. For the reasons stated in this memorandum opinion and order, the Application is granted subject to the limitations spelled out here, but the Complaint and this action are dismissed with prejudice, thus rendering the Motion moot.

To begin with, the exhaustion of administrative remedies that is made a precondition to prisoners' lawsuits by 42 U.S.C. §1997e(a) is not in issue here. Although Hamilton is in custody at the Cook County Department of Corrections ("County Jail"), his

lawsuit is totally unrelated to the conditions of confinement or to his treatment there, so that any institutional grievance procedures have no applicability at all.

Next, the printout of transactions in Hamilton's trust fund account at the County Jail, as called for by 28 U.S.C. §1915 ("Section 1915"), which has been attached to the Application, reflects average monthly deposits during the most recent six-month period (the higher of the two alternatives specified in Section 1915(b)(1)) amounting to $22.87. That means the initial partial payment on account of the $150 filing fee (20% of that figure, as specified in the same statute) comes to $4.57.

Accordingly Hamilton is granted leave to proceed without full _prepayment_ of the $150 filing fee, being required instead to pay it in installments. Hamilton is assessed an initial partial filing fee installment of $4.57, and the County Jail trust fund officer is ordered to collect that amount from Hamilton's trust fund account there and to pay it directly to the Clerk of Court ("Clerk").

After such payment, the trust fund officer at County Jail or any other correctional facility where Hamilton is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the

2

amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Hamilton's name and the 02 C 4915 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

To turn to the substance of Hamilton's claims, he expressly acknowledges--because all of the complained-of events except for those he ascribes to attorney Costin are more than two years old--that his only hope for avoiding the two year statute of limitations for Illinois-based Section 1983 claims lies in the assertedly bad advice that attorney Costin gave him (see, for example, Complaint ¶59). But the fatal flaw in that respect is that a public defender is <u>not</u> a proper defendant under Section 1983 because he or she is not a "state actor" whose activity is considered as "under color of law" in those terms--see <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981).

It may perhaps be possible (although this Court expresses no opinion on the subject) for Hamilton to sue Costin for lawyer malpractice,[1] but if so he must bring his claim in a state court

---

[1] Indeed, Hamilton has labeled his Count IV "Legal Malpractice," with the allegations setting out that purported claim occupying Complaint ¶¶49-65.

3

of competent jurisdiction. Legal malpractice is simply not a federal claim cognizable in this District Court.

In summary, Hamilton's claim against attorney Costin is dismissed for failure to state a claim under Section 1983. And because that potential claim does not operate to preserve the timeliness of a concededly stale Section 1983 claim against any of the other defendants, they too are dismissed from this action--in this instance on statute of limitations grounds. That means, as stated earlier, that the entire Complaint and this action are dismissed--and that in turn causes the Motion to be denied as moot.

                                            /s/ Milton I. Shadur
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: July 16, 2002